# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEPHANIE PRIDDY, AND LIGE BOSWELL, | CIVIL ACTION NO. 1:12-cv-1091 |
| Plaintiffs, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMAND** |
| RENT-A-CENTER EAST, INC., | |
| Defendant. | |

## NATURE OF ACTION

1. This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, Stephanie Priddy ("Ms. Priddy") and Lige Boswell ("Mr. Boswell") (collectively, "Plaintiffs"), are natural persons who are husband and

1

wife, and who at all relevant times resided in the State of North Carolina, County of Forsyth, and City of Walkertown.

5. Plaintiffs are "consumers" as defined by N.C. Gen. Stat. § 75-50(1).

6. Defendant, Rent-a-Center East, Inc. ("Defendant"), is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by N.C. Gen. Stat. § 75-50(2).

7. Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a lease agreement for residential merchandise (the "Debt").

10. Defendant at relevant times was engaged, directly or indirectly, in the collection of a debt from Plaintiffs.

11. In connection with the collection of the Debt, in or around February of 2011, Defendant spoke with Plaintiff, Stephanie Priddy ("Ms. Priddy"), and at such time Ms. Priddy provided Defendant with her cellular telephone number

2

issued by her employer, with specific instruction that Defendant may call it sparingly and only when necessary for the next few days until her personal phone was replaced.

12. Thereafter, Defendant placed telephone calls to Ms. Priddy's cellular telephone number in excess of that to which Ms. Priddy had consented.

13. When the calls continued, Ms. Priddy several times spoke with Defendant and told them to stop calling, and that she was not permitted to receive excessive personal phone calls on her employer-issued cellular telephone.

14. On several occasions, Ms. Priddy demanded that Defendant cease and desist from placing any further calls to her cellular telephone number.

15. Despite Ms. Priddy's cease and desist demand, Defendant placed non-emergency calls to Ms. Priddy's cellular telephone number using an automatic telephone dialing system, without permission, including, but not limited to, calls placed on the following dates and times:

    1) April 2, 2011 at 8:46 A.M.;
    2) April 2, 2011 at 8:59 A.M.;
    3) April 2, 2011 at 9:11 A.M.;
    4) April 2, 2011 at 5:59 P.M.;
    5) April 2, 2011 at 6:02 P.M.;
    6) April 4, 2011 at 2:12 P.M.;
    7) April 6, 2011 at 9:27 A.M.;
    8) April 6, 2011 at 9:45 A.M.;
    9) April 6, 2011 at 10:10 A.M.;
    10) April 6, 2011 at 11:05 A.M.;
    11) April 6, 2011 at 11:42 A.M.;
    12) April 6, 2011 at 11:51 A.M.;
    13) April 6, 2011 at 12:43 P.M.;

14) April 9, 2011 at 9:20 A.M.;
15) April 9, 2011 at 10:40 A.M.;
16) April 9, 2011 at 11:18 A.M.;
17) April 9, 2011 at 12:38 P.M.;
18) April 9, 2011 at 1:25 P.M.;
19) April 9, 2011 at 1:33 P.M.;
20) April 9, 2011 at 4:32 P.M.;
21) April 9, 2011 at 5:12 P.M.;
22) April 9, 2011 at 5:15 P.M.;
23) April 9, 2011 at 6:01 P.M.;
24) April 11, 2011 at 9:05 A.M.;
25) April 11, 2011 at 9:23 A.M.;
26) April 11, 2011 at 9:35 A.M.;
27) April 11, 2011 at 11:15 A.M.;
28) April 12, 2011 at 2:52 P.M.;
29) April 12, 2011 at 3:03 P.M.;
30) April 12, 2011 at 4:12 P.M.;
31) April 12, 2011 at 4:17 P.M.;
32) April 12, 2011 at 4:32 P.M.;
33) April 12, 2011 at 5:22 P.M.;
34) April 13, 2011 at 12:53 P.M.;
35) April 13, 2011 at 2:38 P.M.;
36) April 15, 2011 at 11:22 A.M.;
37) April 15, 2011 at 12:16 P.M.;
38) April 15, 2011 at 4:12 P.M.;
39) April 18, 2011 at 9:52 A.M.;
40) April 18, 2011 at 2:04 P.M.;
41) April 20, 2011 at 9:17 A.M.;
42) April 20, 2011 at 9:23 A.M.;
43) April 20, 2011 at 10:36 A.M.;
44) April 20, 2011 at 7:16 P.M.;
45) April 21, 2011 at 4:06 P.M.;
46) April 21, 2011 at 4:23 P.M.;
47) April 21, 2011 at 4:35 P.M.;
48) April 21, 2011 at 4:45 P.M.;
49) April 21, 2011 at 4:49 P.M.;
50) April 22, 2011 at 8:38 A.M.;

51) April 22, 2011 at 8:40 A.M.;
52) April 22, 2011 at 8:44 A.M.;
53) April 22, 2011 at 9:58 A.M.;
54) April 22, 2011 at 10:21 A.M.;
55) April 22, 2011 at 10:39 A.M.;
56) April 23, 2011 at 10:47 A.M.;
57) April 25, 2011 at 1:51 P.M.;
58) April 25, 2011 at 3:14 P.M.;
59) April 25, 2011 at 5:04 P.M.;
60) April 25, 2011 at 5:17 P.M.;
61) April 25, 2011 at 5:31 P.M.;
62) April 25, 2011 at 5:50 P.M.; and
63) April 27, 2011 at 11:31 A.M.

16. During several of the above-referenced calls, Ms. Priddy repeatedly told Defendant to stop calling her work cellular telephone number.

17. As a direct and proximate result of Defendant's excessive telephone calls to Ms. Priddy's work-issued cellular telephone, Ms. Priddy incurred charges to the phone, was suspended, and then fired from her place of employment due to excessive cell phone usage.

18. In addition, Defendant placed telephone calls to Plaintiff, Lige Boswell's ("Mr. Boswell"), cellular telephone number without his prior express consent.

19. Due to Defendant's repeated telephone calls to Mr. Boswell's cellular telephone number, he was suspended by his employer for several days in or around December of 2011, because Defendant's repeated telephone calls were interfering with Mr. Boswell's ability to perform his job.

20. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

21. Defendant did not place any telephone calls to Plaintiffs for emergency purposes.

22. Each and every telephone call Defendant placed to Plaintiffs was in connection with the collection of a debt.

23. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs voluntarily.

24. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs under its own free will.

25. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls to Plaintiffs.

26. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls to Plaintiffs.

27. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiffs' cellular telephone numbers.

28. In addition to the above-referenced calls, Defendant's agent and/or employee "Arthur" placed the following calls to Ms. Priddy's cellular telephone on the following dates, and at such times, left a voicemail message:

1) November 8, 2011 at 4:43 P.M.;
2) November 9, 2011 at 5:19 P.M.;
3) November 10, 2011 at 9:38 A.M.
4) November 11, 2011 at 6:53 P.M.;
5) November 12, 2011 at 1:29 P.M.;
6) November 12, 2011 at 3:09 P.M.;
7) November 12, 2011 at 4:37 P.M.;
8) November 14, 2011 at 11:27 A.M.; and
9) November 15, 2011 at 5:01 P.M.

29. In the above-referenced voicemail messages, "Arthur" failed to disclose that the communications were made in an attempt to collect a debt and that the purpose of the communications was to collect a debt.

30. In or around November, 2011, Defendant's agent and/or employee, while dressed in his Rent-A-Center uniform, went to a restaurant where Plaintiffs' son worked, and asked Plaintiffs' son: "When is your mom going to pay her bill?"

31. Defendant's agent and/or employee raised his voice such that others in the restaurant could hear, disclosed circumstances surrounding Plaintiffs' alleged indebtedness and, furthermore, used language that would ordinarily abuse the typical hearer or reader, including by making anti-gay slurs toward Plaintiffs' son.

32. On November 16, 2011, Ms. Priddy went to Defendant's place of business, and at such time, spoke with Defendant's agent and/or employee "Scott."

7

33.     During the November 16, 2011 conversation, "Scott" confirmed with Ms. Priddy that Defendant's files indicated that Defendant was only given permission to call her work cellular telephone for three days and that Ms. Priddy demanded that Defendant stop calling her.

34.     During the November 16, 2011 conversation, Ms. Priddy again demanded that Defendant cease and desist from any further telephonic communications with Plaintiffs.

35.     Through December 2011 and January 2012, Defendant continued to place telephone calls to Plaintiffs' cellular telephone numbers.

36.     Defendant's actions constitute conduct highly offensive to a reasonable person, and have caused Plaintiffs embarrassment, anxiety, mental anguish, lost wages, and other damages.

37.     The embarrassment, anxiety, mental anguish, lost wages, and other damages that Plaintiffs suffered was a natural consequence of Defendant's harassing efforts to collect an outstanding debt alleged due.

38.     The embarrassment, anxiety, mental anguish, lost wages, and other damages that Plaintiffs suffered as a result of Defendant's harassing efforts to collect the outstanding debt alleged due constitute mental anguish more than mere worry, vexation, inconvenience, or unpleasantness.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

39.     Plaintiffs repeat and re-allege each and every factual allegation

8

contained above.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiffs' cellular telephone numbers, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiffs actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiffs' actual damages, whichever is greater;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 75-52(1)

41. Plaintiffs repeat and re-allege each and every factual allegation

9

contained above.

42. Defendant violated N.C. Gen. Stat. § 75-52(1) by using profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(1);

   b) Awarding Plaintiffs statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

   c) Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

   e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 75-52(3)

43. Plaintiffs repeat and re-allege each and every factual allegation contained above.

44. Defendant violated N.C. Gen. Stat. § 75-52(3) by causing a telephone to ring or engaging any person in telephone conversation with such

frequency as to be unreasonable or to constitute a harassment to the person under the circumstances.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(3);

b) Awarding Plaintiffs statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF N.C. GEN. STAT. § 75-52(4)

45. Plaintiffs repeat and re-allege each and every factual allegation contained above.

46. Defendant violated N.C. Gen. Stat. § 75-52(4) by placing telephone calls or attempting to communicate with any person, contrary to his or her instructions, at his or her place of employment, where the debt collector has a telephone number where the consumer can be reached during the consumer's

nonworking hours.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-52(4);

b) Awarding Plaintiffs statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF N.C. GEN. STAT. § 75-53

47. Plaintiffs repeat and re-allege each and every factual allegation contained above.

48. Defendant violated N.C. Gen. Stat. § 75-53 by unreasonably publicizing information concerning Plaintiffs' debt, including by communicating in a manner that would ordinarily be seen and heard by third parties and which was heard by third parties other than those allowed by N.C. Gen. Stat. § 75-53(1)(a)-(e).

12

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-53;

b) Awarding Plaintiffs statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF N.C. GEN. STAT. § 75-54(2)

49. Plaintiffs repeat and re-allege each and every factual allegation contained above.

50. Defendant violated N.C. Gen. Stat. § 75-54(2) by failing to disclose in all communications attempting to collect a debt that the purpose of such communication is to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-54(2);

b) Awarding Plaintiffs statutory damages per violation, pursuant to

13

N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF N.C. GEN. STAT. § 75-55

51. Plaintiffs repeat and re-allege each and every factual allegation contained above.

52. Defendant violated N.C. Gen. Stat. § 75-55 by collecting or attempting to collect a debt from Plaintiffs by use of unconscionable means.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 75-55;

b) Awarding Plaintiffs statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiffs actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in

this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

53. Plaintiffs are entitled to and hereby demand a trial by jury.

DATED this 8th day of October, 2012.

Respectfully submitted,

/s/ Holly E. Dowd
Holly E. Dowd (N.C. Bar No. 37533)
Weisberg & Meyers, LLC
409A Wakefield Dr.
Charlotte, NC 28209
(888) 595-9111 ext. 260
(866) 565-1327 (fax)
hdowd@attorneysforconsumers.com

ATTORNEY FOR PLAINTIFFS

*Please send correspondence to the address below*

Holly E. Dowd
*Weisberg & Meyers, LLC*
5025 N. Central Ave. #602
Phoenix, AZ 85012

15